316

Argued and submitted September 28, 1992, order dismissing petitions affirmed in part; otherwise reversed and remanded with instructions February 24, 1993

In the Matter of
Steven Marr, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Suzette F. RUNION,
*Respondent.*

(89-230; CA A74650 (Control))

In the Matter of
Stephanie Marr, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Suzette F. RUNION,
*Respondent.*

(89-231; CA A74651)

In the Matter of
Christina Marr, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Suzette F. RUNION,
*Respondent.*

(89-232; CA A74652)

847 P2d 865

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James A. Palmer, Pleasant Hill, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

The state appeals from the trial court's dismissal of its petitions to terminate mother's parental rights and its order permanently committing mother's three children to CSD but prohibiting CSD from authorizing the children's adoption. On *de novo* review, we affirm in part and reverse in part.

A discussion of the facts of this case will not be instructive to the bench or bar. Suffice it to say that, although mother has had a long history of drug and alcohol addictions and involvement with abusive men, we agree with the trial court that termination of mother's parental rights is not in the best interests of the children. ORS 419.523(1). Several experts testified that mother's prognosis for successful treatment of her disabilities was "very good" and "positive." The evidence we find most significant, however, are the reports from a clinical and forensic psychologist specializing in "failed adoption studies," the only expert who met with and evaluated mother *and* the children. In his assessment, he concluded that

> "[mother] does have the capacity for appropriate parenting. She is genuinely caring for her children and her parenting characteristics * * * are very good * * *. [T]here is no way that the children can be successfully adopted[,] * * * the children simply will not adapt to an adoptive home situation."

The state presented no evidence concerning what effect the termination of mother's parental rights might have on the children or the likelihood that they could be successfully adopted. We affirm the trial court's dismissal of the state's petition to terminate mother's parental rights.

Without termination, the trial court erred in permanently committing the children to CSD. ORS 419.527. We therefore reverse that part of the trial court's order and remand with instructions to temporarily commit the children to CSD for appropriate placement.

Order dismissing petitions to terminate parental rights affirmed; otherwise reversed and remanded with instructions to temporarily commit the children to CSD for appropriate placement.